**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| MILAGROS S. KEH, | : | |
| | : | |
| Plaintiff, | : | 1:03-cv-68-2(WLS) |
| vs. | : | |
| | : | |
| AMERICUS-SUMTER COUNTY HOSPITAL | : | |
| AUTHORITY d/b/a SUMTER REGIONAL | : | |
| HOSPITAL, INC., d/b/a SUMTER REGIONAL | : | |
| HOSPITAL; SOUTHWEST GEORGIA | : | |
| HEALTHCARE ASSOCIATION, INC.; | : | |
| SOUTHWEST GEORGIA HEALTHCARE | : | |
| RESOURCES, INC.; JERRY ADAMS, | : | |
| Individually and in his Official capacity as CEO | : | |
| OF SUMTER REGIONAL HOSPITAL, INC.; | : | |
| SOUTHWEST GA. HEALTHCARE | : | |
| RESOURCES, INC., ANDREW C. CARLSON, | : | |
| M.D., Individually and in his Official capacity as | : | |
| CEO, MEDICAL DIRECTOR, and CHAIRMAN | : | |
| OF THE BOARD OF DIRECTORS OF | : | |
| SOUTHWEST GEORGIA HEALTHCARE | : | |
| ASSOCIATION, INC.; AMERICUS PEDIATRICS, | : | |
| P.C.; JOSEPH W. KING, III, M.D., Individually | : | |
| and in his Official capacity as CHAIRMAN OF | : | |
| THE CREDENTIALING COMMITTEE OF | : | |
| SOUTHWEST GEORGIA HEALTHCARE | : | |
| ASSOCIATION, INC.; JOSEPH W. KING, III, | : | |
| M.D., P.C.; A. GATEWOOD DUDLEY, M.D., | : | |
| Individually and in his Official capacity as a | : | |
| Member of the SUMTER REGIONAL | : | |
| HOSPITAL MEDICAL EXECUTIVE | : | |
| COMMITTEE; GYNECOLOGY ASSOCIATES, | : | |
| P.C.; GREGORY A. GARTH, M.D., Individually | : | |
| and in his Official capacity as a Member of the | : | |
| SUMTER REGIONAL HOSPITAL MEDICAL | : | |
| EXECUTIVE COMMITTEE; KENNETH E. | : | |
| DINELLA, M.D., Individually and in his Official | : | LIST OF NAMED |
| capacity as a Member of the SUMTER | : | DEFENDANTS |
| REGIONAL HOSPITAL MEDICAL | : | CONTINUED ON |
| EXECUTIVE COMMITTEE; MICHAEL S. | : | NEXT PAGE |
| BUSMAN, M.D., Individually and in his Official | : | |
| capacity as a Member of the SUMTER REGIONAL | : | |
| HOSPITAL MEDICAL EXECUTIVE | : | |
| COMMITTEE; CHANH M. TU, Individually and | : | |

1

| | |
|---|---|
| in his Official capacity as a Member of the SUMTER REGIONAL HOSPITAL MEDICAL EXECUTIVE COMMITTEE; GWENDOLYN V. MORGAN, M.D., Individually and in his Official capacity as a Member of the SUMTER REGIONAL HOSPITAL MEDICAL EXECUTIVE COMMITTEE; MICHAEL CACCIATORE, M.D., Individually and in his Official capacity as a Member of the SUMTER REGIONAL HOSPITAL MEDICAL EXECUTIVE COMMITTEE; MEDICAL IMAGING CONSULTANTS, P.C.; CHARLES R. SHEFFIELD, M.D., Individually and in his Official capacity as a Member of the SUMTER REGIONAL HOSPITAL MEDICAL EXECUTIVE COMMITTEE; SUMTER MEDICAL SERVICES, P.C.; SANDRA ZORNES, M.D., Individually and in his Official capacity as a Member of the SUMTER REGIONAL HOSPITAL MEDICAL EXECUTIVE COMMITTEE; and SOUTHERN PATHOLOGY & LABORATORY SERVICES, P.C., | : : : : : : : : : : : : : : : : : : : : : : |
| Defendants. | : |
| _____ | : |

## ORDER

A telephone conference was held in the above-referenced case on Tuesday, July 12, 2005. The Court, among other matters, considered Plaintiff Keh's and non-party witness Marshall's motions for protective order. Without determining the ultimate merits of said motions, the Court concluded that the noticed depositions of Plaintiff Keh and John Marshall, M.D. could not proceed appropriately or efficiently and therefore continued the same. The Court noticed counsel and ordered that said depositions would take place in the **grand jury room of the C.B. King United States District Courthouse for the Middle District of Georgia in Albany, Georgia located at 201 W. Broad Avenue on Wednesday, August 17, 2005 for Plaintiff Milagros S. Keh and Thursday, August 18, 2005 for John Marshall, M.D.** During said conference, counsel for the parties each stated that they were available on said dates for the taking of the two aforesaid

2

depositions. Plaintiff Milagros S. Keh will be deposed on August 17, 2005 and John Marshall, M.D. will be deposed on August 18, 2005.[1]  All other counsel and parties who wish to be present are hereby so notified.

Remaining issues will be considered and ruled upon in a separate order in advance of said depositions.  Nothing in this order is intended to limit or restrict the notice or taking of other depositions.

**SO ORDERED**, this  13th  day of July, 2005.


           /s/W. Louis Sands           
**Hon. W. Louis Sands, Chief Judge**
**United States District Court**

---

[1] The Court notes that subsequent to the telephone conference the Court received a faxed letter from Mr. Shannon dated July 13, 2005 requesting that Dr. Marshall's deposition be switched to Wednesday, August 17, 2005 and Plaintiff's deposition be switched to Thursday, August 18, 2005.  As a basis for said request, Mr. Shannon stated Plaintiff's deposition may exceed one day and Defendants wanted to utilize the additional and final day offered by the Court during said telephone conference, i.e., Friday, August 19, 2005, in the event Plaintiff's deposition could not be completed.  The Court reiterates that Friday, August 19, 2005 is still available to the parties in the event, either one of the depositions exceed one day.  However, the Court having set the sequence of the said depositions in the order they were initially noticed and given the nature of the discovery disputes which necessitated the instant telephone conference, the Court will not alter the sequence of said depositions as herein ordered.