**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| MILAGROS S. KEH, : | |
| : | |
| Plaintiff, : | |
| vs. : | 1:03-cv-68-2(WLS) |
| : | |
| : | |
| AMERICUS-SUMTER COUNTY HOSPITAL : | |
| AUTHORITY d/b/a SUMTER REGIONAL : | |
| HOSPITAL, INC., d/b/a SUMTER REGIONAL : | |
| HOSPITAL, et. al. : | |
| Defendants. : | |
| : | |

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 115). For the following reasons, Plaintiff's Motion for Reconsideration (Doc. 115) is **GRANTED**. Accordingly, the Court's March 31, 2005 Order (Doc. 114) is **VACATED** as to Defendants' Motions to Dismiss consistent with this Order (Docs. 56, 58).

Defendants' Motion to Dismiss (Doc. 58), having been reconsidered and appropriately converted to a Motion for Judgment on the Pleadings, is **DENIED**. Additionally, Defendants' Motion to Dismiss (Doc. 56), having been reconsidered and appropriately converted to a Motion for Judgment on the Pleadings, is **GRANTED**.

## DISCUSSION

**I.     Plaintiff's Motion for Reconsideration**

Plaintiff moves the Court for reconsideration of the Court's March 31, 2005 Order granting Defendants' Motion to Dismiss Plaintiff's Complaint as to Counts III, IX, and X. (Doc. 115; *see also* Docs. 58, 59, 114). Specifically, Plaintiff argues the Court erred in ruling that Plaintiff did not file a response to Defendants' Motion to Dismiss (Doc. 58), and as a consequence of said ruling, did not consider Plaintiff's Brief in Response to Defendants' Brief in support of their joint motion. (Doc. 115; *see also* Docs. 59, 86).

1

Upon motion by Plaintiff and careful review of the record, the Court concludes that Document 86 was erroneously identified on the docket of the above-captioned case as a memorandum in support of Plaintiff's response to Defendants' joint motion to dismiss Plaintiff's libel, slander, and malicious use of privilege claim.  Instead, Document 86 separately addresses Defendants' Motion to Dismiss; and should have been listed on the docket and considered in connection with the Court's ruling on said motion accordingly.

The Court, having erroneously failed to consider Plaintiff's Brief in Response to Defendants' Motion to Dismiss, **GRANTS** Plaintiff's Motion for Reconsideration as to the aforementioned Motion to Dismiss. (Doc. 115).   Accordingly, the Court will reconsider Defendants' Motion to Dismiss Plaintiff's Complaint as to Counts III, IX, and X.  (Doc. 58).  In light of this finding, the Court, on its own initiative, will also reconsider Defendants' Motion to Dismiss Plaintiff's Complaint as to Counts VI, VII, and VIII.  (Doc. 56).

**II.      Legal Standards for Motions to Dismiss and Motions for Judgment on the Pleadings**

Defendants move the Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's libel, slander, and malicious use of privilege claims.  (Doc. 56).  Defendants also move the Court pursuant to Rule 12(b)(6) to dismiss Plaintiff's 42 U.S.C. §§ 1983, 1985(2), 1985(3) claims. (Doc. 58).   The Court finds it instructive to note that Rule 12(b) provides that a motion raising any of the seven enumerated defenses to a complaint contained therein, including, but not limited to the defense numbered (6), "shall be made before pleading if a further pleading is permitted." *See* Brisk v. Miami Beach, 709 F.Supp. 1146, 1147 (S.D. Fla. 1989).  The instant motions were filed on April 9, 2004 contemporaneously with Defendants' separate answers to Plaintiff's complaint.  (*See* Docs. 56-82).

While the Court notes that the instant motions to dismiss were technically filed before Defendants' Answers, given the contradictory natures of motions to dismiss and answers to pleadings, once Defendants filed their answers, it became impossible as a procedural matter for the Court to rule on the motions to dismiss consistent with proper procedure.  More specifically, it is technically impossible to challenges the sufficiency of an allegation in a complaint, as one does in

2

a motion to dismiss, while simultaneously admitting or denying the same allegation, as one does in an answer. *See* Brisk, 709 F.Supp. at 1147. The proper rule for challenging a complaint after an answer has been filed is a motion for judgment on the pleadings as contemplated by Fed. R. Civ. P. 12(c), (h)(2). *Id*. (*citing* Republic Steel Corp. v. Pennsylvania Eng. Corp., 785 F.2d 174, 182 (7th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980); Paul v. McGhee, 577 F. Supp. 460, 462 (E.D. Tenn. 1983); Angleton v. Pierce, 574 F. Supp. 719, 723 n. 1 (D.N.J. 1983)).

Indeed, "Rule 12(c) is a vehicle by which litigants may, after the pleadings are closed, assert a 12(b)(6) motion for their opponent's failure to state a claim upon which relief can be granted. Such an assertion is allowed after the close of the pleadings by Rule 12(h)(2). If a party uses Rule 12(c) to assert a 12(b)(6) defense, the Court will apply the same standards to the motion as if it were brought directly under Rule 12(b)(6)." *See* Sikes v. AT&T, 841 F.Supp. 1572, 1580 (S.D. Ga. 1983) (*citing* Miami Herald Pub. Co., Div. of Knightridder Newspapers, Inc. v. Ferre, 636 F. Supp. 970 (S.D. Fla. 1985)). Since there is no substantive difference, but only a procedural distinction between a motion to dismiss and a motion for judgment on the pleadings, the Court will address the arguments made within the instant motion to dismiss as if they had been properly raised in a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(b)(6), *compare* Fed. R. Civ. P. 12(c), (h)(2).

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (*quoting* GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993); *see also* Sikes, 841 F.Supp. at 1580 (applying a similar standard when considering a Rule 12(h)(2) motion for judgment on the pleadings)). "A complaint may not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**III.    Defendants' Motion for Judgment on the Pleadings as to Counts III, IX, and X.**

**A.    Count III: 42 U.S.C. § 1985(2)**

In Count III of her Complaint, Plaintiff alleges that Defendants are "liable individually, jointly and severally pursuant to 42 U.S.C. § 1985(2) for conspiracy with the intent and purpose of deterring, forcing, or intimidating and or punishing the Plaintiff for providing evidence of discriminatory conduct by, for and/or on behalf of Sumter Regional Hospital's agents, employees and/or officials in the case of John Marshall, M.D. v. Sumter Regional Hospital, et. al., Civil Action No. 1:01 CV 79-3." (Docs. 1, 32).

The instant claim involves the second clause of Section 1985(2), which is generally referred to as "Clause B". *See* Carter v. Church, 791 F.Supp 298, 300 (M.D. Ga. 1992). To assert a claim for retaliation under Clause B of Section 1985(2) a plaintiff must prove: 1) a conspiracy, 2) retaliation spawned by the attendance or testimony in federal court, 3) an act in furtherance of the conspiracy, and 4) injury to the plaintiff. *See* Foster v. Pall Aeropower Corp., 111 F.Supp.2d 1320, 1322 (M.D. Fla. 2000). Plaintiff alleges Defendants, "while acting jointly, maliciously, and in concert, sought to terminate Plaintiff's contractual agreement with the [physician hospital organization] and to adversely affect Plaintiff's medical staff privileges at Sumter Regional Hospital." (Doc. 1). Plaintiff further alleges Defendants acted in furtherance of that conspiracy by "obtain[ing], manufactur[ing], and creat[ing] information that the [D]efendants knew would be used to exclude Plaintiff from the medical staff at Sumter Regional Hospital and destroy her medical practice in the Americus Sumter County area since Sumter Regional Hospital is the only hospital in the area." *Id*. Plaintiff also alleges Defendants used the physician hospital organization's ("PHO") credentialing process in furtherance of the alleged conspiracy. *Id*. Plaintiff further alleges Defendants conspired, in part, as retaliation for "testifying, witnessing, and/or otherwise providing evidence of discriminatory conduct by, for, and/or on behalf of Sumter Regional Hospital's agents, employees, and/or officials in the case of John Marshall, M.D. v. Sumter Regional Hospital, et. al., Civil Action No. 1:01 CV 79-3." *Id*. Finally, Plaintiff alleges injury in the form of suspended

medical staff privileges at Sumter Regional Hospital. *Id*. Plaintiff has therefore alleged facts in the instant case, which if proved, could support her claim under Section 1985(2). The Court, therefore **DENIES** Defendants' Motion for Judgment on the Pleadings (Doc. 58) as to Plaintiff's 42 U.S.C. § 1985(2) claim contained within Count III of her Complaint.

### B.     Count X: 42 U.S.C. § 1985(3)

Plaintiff alleges that Defendants are "liable individually, jointly and severally pursuant to 42 U.S.C. § 1985(3) for conspiracy with the intent and purpose of depriving persons of Filipino national origin, either directly or indirectly, of the equal protection of the laws, or of equal privileges and immunities of the laws and for acting in furtherance of said conspiracy to injure Plaintiff by depriving her of her property right to engage in the practice of medicine." (Doc. 1, 32). Defendants dispute Plaintiff's allegations and move to dismiss Plaintiff's Section 1985(3) claims accordingly. (Doc. 58).

To obtain relief under Section 1985(3), a plaintiff must show "1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Lucero v. Operation Rescue of Birmingham, 954 F.2d 624, 627 (11th Cir. 1992) (*citing* United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott, 463 U.S. 825, 828-29 (1983)). "More specifically, the second element requires a showing of some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id*.

As stated earlier, Plaintiff has alleged Defendants, "while acting jointly, maliciously, and in concert, sought to terminate Plaintiff's contractual agreement with the [physician hospital organization] and to adversely affect Plaintiff's medical staff privileges at Sumter Regional Hospital." (Doc. 1). Plaintiff further alleges Defendants acted in furtherance of that conspiracy by "obtain[ing], manufactur[ing], and creat[ing] information that the [D]efendants knew would be used

5

to exclude Plaintiff from the medical staff at Sumter Regional Hospital and destroy her medical practice in the Americus Sumter County area since Sumter Regional Hospital is the only hospital in the area." *Id*. Plaintiff also alleges Defendants used the physician hospital organization's ("PHO") credentialing process in furtherance of the alleged conspiracy. *Id*. Plaintiff further alleges injury in the form of suspended medical staff privileges at Sumter Regional Hospital. *Id*. Finally, Plaintiff alleges Defendants to have so conspired, in part, for the purpose of creating "a competitive disadvantage against Plaintiff and other minority physicians," thereby depriving Plaintiff of rights guaranteed under the Constitution and laws of the United States. *Id*. Plaintiff has therefore alleged facts, which if proved, could support Plaintiff's claim. Plaintiff has also alleged facts, which if proved, could support a showing that Defendants' alleged conspiratorial action was due to an invidious, discriminatory animus. The Court, therefore **DENIES** Defendants' Motion for Judgment on the Pleadings (Doc. 58) as to Plaintiff's 42 U.S.C. § 1985(3) claim contained within Count X of her Complaint.

### C. Count IX: 42 U.S.C. § 1983

Plaintiff alleges that Defendants Southwest Georgia Healthcare Resources, Inc., Americus Pediatrics, P.C., Joseph W. King, III, M.D., P.C., Gynecology Associates, P.C., Sumter E.N.T., P.C., Michael Cacciatore, M.D., P.C., Sumter Medical Services, P.C., and Southern Pathology & Laboratory Services, P.C., (collectively, "Corporate Defendants") are jointly and severally liable under 42 U.S.C. § 1983 for violating and conspiring to violate her rights under the United States Constitution, including those guaranteed by the First and Fourteenth Amendments. (Doc. 1, 32). Plaintiff also alleges that Defendants A. Gatewood Dudley, Gregory A. Garth, Kenneth E. Dinella, Michael S. Busman, Chanh M. Tu, Gwendolyn V. Morgan, Michael Cacciatore, Charles M. Davis, Charles R. Sheffield, and Sandra Zornes, (collectively, "Committee Members") are liable for First and Fourteenth Amendment violations in their individual capacities pursuant to Section 1983 for conduct they performed as members of the Sumter Regional Hospital Medical Executive Committee. *Id*.

Defendant moves the Court to dismiss Plaintiff's Section 1983 claims because the aforementioned Defendants are not state actors. (Doc. 58).   To obtain relief under Section 1983, a plaintiff must show: 1) the defendant deprived her of a right secured by the Constitution or federal law; and 2) that said deprivation occurred under color of state law.  Willis v. University Health Servs., Inc., 993 F.2d 837, 840 (11th Cir. 1993); *see also* American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999).   Generally, the Supreme Court applies three tests in evaluating state action: 1) the public function test; 2) the state compulsion test; and 3) the nexus/joint action test.   National Broadcasting Co., Inc. v. Communications Workers of America, AFL-CIO, 860 F.2d 1022, 1026 (11th Cir. 1988).   "The public function test...covers only private actors performing functions traditionally the exclusive prerogative of the State."  NBC, 860 F.2d at 1026 (citations and internal quotations omitted).   "The state compulsion test...limits state action to instances in which the government has coerced or at least significantly encouraged the action alleged to [have violated] the Constitution."  *Id*.   The nexus/joint action test applies where "the State ha[s] so far insinuated itself into a position of interdependence with the private party [such] that it was a joint participant in the enterprise."  *Id*. at 1026-27.   The under color of state law element of Section 1983 excludes from its reach "merely private conduct no matter how discriminatory or wrongful." Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (*quoting* Shelley v. Kraemer, 334 U.S. 1, 13 (1948)); *see also* Patrick v. Floyd Medical Center, 201 F.3d 1313 (11th Cir. 2000) (where the denial of staff privileges at a public hospital by a private Georgia healthcare management company did not constitute state action under Section 1983).

In the case at bar Plaintiff has not alleged facts that, if proved, could support a finding that Defendants are performing functions traditionally the prerogative of the State. *See* NBC, 860 F.2d at 1026.  Regulating membership and credentialing processes in a physician hospital organization has never been an exclusive function of government. *See* Patrick, 201 F.3d at 1315 (*citing* Willis, 993 F.2d at 841).   Consequently, the situation at bar does not satisfy the public function definition of state action.  Additionally, Plaintiff has also failed to allege any facts that would support a finding

7

that the government has coerced or significantly encouraged on the part of the named private actors any action alleged to have violated the Constitution. *See id.*

Plaintiff has also failed to allege facts, that if proved, could support a finding that the state has so far insinuated itself into a position of interdependence with the private party such that it was a joint participant in the enterprise alleged to have violated the Constitution. *See id.* at 1026-27; *see also* Patrick, 201 F.3d at 1315. To the contrary, Plaintiff has alleged facts, which if proved, could support findings that:1) Defendant Sumter Hospital and Defendant Southwest Georgia Healthcare Association, Inc., the PHO in this case, were separate and distinct legal entities; and 2) the PHO had the sole discretion to regulate its membership, including, but not limited to credentialing physicians and granting privileges to its membership. *See* Patrick, 201 F.3d at 1315. Plaintiff has not alleged any state conduct.

Plaintiff, having alleged no facts, that if proved, could support a finding that any alleged deprivation occurred under color of state law, necessarily fails to properly state a 42 U.S.C. § 1983 claim for which relief can be granted. Accordingly, Defendants' Motion for Judgment on the Pleadings (Doc. 58) is **GRANTED** as to Plaintiff's 42 U.S.C. § 1983 claim contained within Count III of her Complaint.

**IV.     Defendants' Motion for Judgment on the Pleadings as to Counts VI, VII, and VIII.**

Defendants move the Court to dismiss Plaintiff's claims for libel, slander and malicious use of privilege because said claims are barred by the statute of limitations. (Doc. 56). O.C.G.A. § 9-3-33 states, in relevant part, "[a]ll actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought <u>one year</u> after the right of action accrues. (emphasis added). Plaintiff filed her Complaint on April 24, 2003. (Doc. 1). Her complaint was amended of right on July 28, 2003. (Doc. 32). Pursuant to Section 9-3-33, Plaintiff could only seek damages for those alleged claims of injury to her reputation which occurred not later than one year prior to the filing of the instant complaint, i.e. from April 24, 2002 through April 24, 2003. Neither Plaintiff's Complaint nor her Amended Complaint allege

any statement or action of any Defendant subsequent to April 11, 2002. (Docs. 1, 32). Consequently, Counts VI, VII, and VIII for slander, libel, and malicious use of privilege respectively, are all subject to and barred by the one-year limitations period of Section 9-3-33. Therefore, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Claims for Libel, Slander and Malicious Use of Privilege (Doc. 56) is **GRANTED**. Accordingly, Counts VI, VII, and VIII are dismissed as time barred under the applicable one-year statute of limitations.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Reconsideration (Doc. 115) is **GRANTED**. Accordingly, the Court's March 31, 2005 Order (Doc. 114) is **VACATED** only as to Defendants' Motions to Dismiss. (Docs. 56, 58).

Defendants' Motion to Dismiss (Doc. 58), having been reconsidered and appropriately converted to a Motion for Judgment on the Pleadings, is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff's claims brought pursuant to 42 U.S.C. §§ 1985(2), 1985(3), contained within Counts III and X respectively are therefore **REINSTATED** to the above-captioned action. Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, contained within Count IX are therefore **DISMISSED**.

Additionally, Defendants' Motion to Dismiss (Doc. 56), having been reconsidered and appropriately converted to a Motion for Judgment on the Pleadings, is **GRANTED**. Plaintiff's claims for slander, libel, and malicious use of privilege, contained within Counts VI, VII, and VIII respectively are therefore **DISMISSED**.

**SO ORDERED**, this   30th   day of March, 2006.

      /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**