**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| MILAGROS S. KEH, : <br> : <br> Plaintiff, : <br> vs. : <br> : <br> AMERICUS-SUMTER COUNTY HOSPITAL : <br> AUTHORITY d/b/a SUMTER REGIONAL : <br> HOSPITAL, INC., d/b/a SUMTER REGIONAL : <br> HOSPITAL, et. al. : <br>         Defendants. : <br>_____ : | 1:03-cv-68-2(WLS) |

**ORDER**

Before the Court are Plaintiff's Motion for Attorney Fees (Doc. 122), Parties' Joint Motion for Protective Order (Doc. 123), Defendant Sumter Regional Hospital, Dr. Gatewood Dudley, and Dr. Andrew C. Carlson's Motion for Relief (Doc. 145), Plaintiff's Motion to Compel (Doc. 149), Plaintiff's Motions for Protective Order (Docs. 151, 152), Plaintiff's Motion for Hearing regarding Plaintiff's Motions to Compel and for Protective Order (Doc. 154), Plaintiff's Motion to Compel (Doc. 161), Plaintiff's Motion for Immediate Relief (Doc. 164), Plaintiff's Motion for Leave to File Supplement Reply Briefs Relating to Plaintiff's Motion to Compel (Doc. 173), Defendant's Motion to Compel (Doc. 174), John D. Marshall, M.D.'s Motion to Quash Subpoena and for Protective Order (Doc. 179), Defendants' Motion for Contempt and for Sanctions (Doc. 189), and Plaintiff's Motion for Protective Order (Doc. 197) .

For the following reasons, Plaintiff's Motion for Attorney Fees (Doc. 122) is **GRANTED**, Parties' Joint Motion for Protective Order (Doc. 123) is **GRANTED**; Defendants Sumter Regional Hospital, Dr. Gatewood Dudley, and Dr. Andrew C. Carlson's Motion for Relief (Doc. 145) is **GRANTED-IN-PART** and **DENIED-IN-PART**; Plaintiff's Motion to Compel (Doc. 149) is **DENIED**; Plaintiff's Motions for Protective Order (Docs. 151, 152) are **DENIED as MOOT** and Plaintiff's Motion for Hearing regarding Plaintiff's Motions to Compel and for Protective Order (Doc. 154) is **DENIED**; Plaintiff's Motion to Compel (Doc. 161) is **DENIED**; Plaintiff's Motion for Immediate Relief (Doc. 164) is **GRANTED-IN-PART**,

1

**DENIED-IN-PART**, **DENIED-IN-PART AS MOOT WITHOUT PREJUDICE**, and **DENIED-IN-PART AS MOOT**; Plaintiff's Motion for Leave to File Supplement Reply Briefs Relating to Plaintiff's Motion to Compel (Doc. 173) is **DENIED**; Defendant's Motion to Compel (Doc. 174) is **GRANTED**; John D. Marshall's Motion to Quash Subpoena and for Protective Order (Doc. 179) is **DENIED-IN-PART** and **DENIED-IN-PART AS MOOT**; Defendants' Motion for Contempt and for Sanctions (Doc. 189) is **GRANTED-IN-PART** and **DENIED-IN-PART**; and Plaintiff's Motion for Protective Order (Doc. 197) is **DENIED AS MOOT WITHOUT PREJUDICE**.

## DISCUSSION

**I.    Plaintiff's Motions for Attorney Fees**

Plaintiff moves the Court pursuant to the Court's March 31, 2005 Order for attorney fees for bringing Motions to Compel Defendants to Answer Interrogatories. (Doc. 122; *see also* Docs. 92, 95, 96, 97, 98, 101, 102, 114). Plaintiff submits evidence pursuant the Court's order that indicates that attorney's fees in the amount of $27,195.00 were incurred as the result of the filing of Plaintiff's aforementioned motions to compel. (Doc. 122, Exh. A). Plaintiff also submits evidence that expenses in the amount of $1,012.08 were incurred as the result of the filing of said motions. *Id*. Additionally, Plaintiff submits evidence in the form of the "Affidavit of George W. McGriff, Esq." of the time spent, the dollar value of the time spent, and the reasonableness of the fees. (Doc. 122, Exh. B). Plaintiff argues that the hourly rates of the attorneys should not be reduced to the hourly rates of attorneys in this judicial district and division because she was allegedly unable to find an attorney in her local market with the expertise who was willing to and able to represent her in the matters asserted in her Complaint. (Doc. 122).

Defendants object to Plaintiff's request, alleging Plaintiff's attempt to simply seek reimbursement for work done in connection with the aforementioned motions, irrespective of the Court's directive in its March 31, 2005 order that the parties shall take into consideration that all relief requested in Plaintiff's motions to compel was not granted. (Doc. 128). More specifically, Defendants argue that Plaintiff seeks: 1) $7,611.30 in attorney's fees, copying, and

recasting its discovery; 2) $1,740.00 for discussions between counsel taking place after the entry of the Court's March 31, 2005 Order; 3) $2,175.00 for a conference held among Plaintiff's counsel regarding "work to date on motions"; 4) $2,160.00 in attorney's fees with respect to the motion to compel filed against Defendant Doctor Michael Busman, for which the Court granted no relief; 5) $2,490.00 in attorney's fees with respect to the motion to compel filed against Defendant Doctor Gatewood Dudley, for which the Court granted no relief; 6) $2,580.00 in attorney's fees with respect to the motion to compel filed against Defendant Hospital, in which the Court granted relief for three out of eleven interrogatories Plaintiff moved to have compelled; 7) $1,620.00 in attorney's fees with respect to motions to compel filed against Defendants Joseph W. King, III, M.D, Kenneth E. Dinella, M.D., Chanh M. Tu, and Andrew C. Carlson, M.D. in their individual capacities. *Id*. Defendants further assert that the interrogatories served in the above-captioned action consist largely of "boilerplated work" and are essentially the same interrogatories served in John Marshall, M.D. v. Americus-Sumter Hospital Authority, et. al., 1:01-CV-79-3; Russell E. Adkins, M.D. v. The Hospital Authority of Houston County, Georgia, 5:04-CV-2; and Qhanonu v. Dodge County Hospital, et. al., S.D. Ga. 04-CV-10. *Id*.

The Court finds that Plaintiff's counsel has shown that he is due attorney fees, but that there is substantial dispute as to the amount authorized as raised by Defendants. Therefore, the Court **GRANTS** Plaintiff's Motion for Attorney Fees (Doc. 122), but only as to the issue of whether attorney's fees are appropriate. The Court will by separate order instruct counsel for further submissions and set a hearing on the amount of attorney fees.

**II.     Defendants' Motion for Relief and Plaintiff's Motion to Compel**

Defendants brought a Motion for Relief on June 23, 2005 in anticipation of Plaintiff filing a motion for relief and/or sanctions against Defendants. (Doc. 145). Plaintiff filed a Motion to Compel and for Sanctions on June 28, 2005, which addressed the same matters addressed in Defendants' Motion for Relief. (Doc. 149).   In the interest of judicial economy and clarity, the Court will consider the aforementioned motions together.

In its March 31, 2005 Order, the Court granted-in-part and denied-in-part Plaintiff's motions to compel. (Doc. 114). In the same Order, the Court ordered Plaintiffs to recast and

serve those discovery requests for which the motions to compel were denied within twenty (20) days of the date of the Order. *Id*. In turn, Defendants were ordered to file their responses no later than twenty (20) days after service and/or assert the relevant privileges with specificity and in accordance with the Court's Order. *Id*. Plaintiffs recasted and served their requests, upon which occurrence Defendants timely filed their responses, and asserted privileges. (Docs. 117-120, 134-142, 144, 148; *see also* Docs. 121, 131, 133, 143, 147).

On June 13, 2005, Plaintiff's counsel presented at Defendants' counsel's Atlanta office and attempted to inspect and copy documents responsive to Plaintiff's discovery request. (Doc. 149). He states that he was unable to do so at the time and returned on June 17, 2005 in an attempt to do the same. (Docs. 145, 149). At that time Defendants' counsel informed Plaintiff's counsel that he could inspect and copy those documents that Defendants believed were responsive to the discovery requests. *Id*. Defendants' counsel then stated Plaintiff's counsel needed to identify which documents Plaintiffs' counsel intended to copy. *Id*. Plaintiff's counsel objected to Defendants' counsel's condition, claiming that to adhere to said condition would violate the attorney work product doctrine because it would necessarily require Plaintiff's counsel to agree to reveal his mental impressions prior to being able to obtain discovery that Plaintiff is entitled to receive under the Federal Rules of Civil Procedure. *Id*.

Plaintiff moves the Court to compel Defendants to produce the documents requested, absent the imposition of Defendants' condition. (Doc. 149). Plaintiff also moves the Court to impose severe sanctions upon Defendants for "intentionally us[ing] multiple tactics to frustrate and prevent Plaintiff from obtaining lawful discovery in this case." *Id*. Alternately, Defendants state concerns that Plaintiff and/or her counsel will use "sensitive and confidential documents outside the boundaries designated in the confidentiality agreement." (Doc. 145). (internal capitalization omitted). Defendants also claim Attorneys McGriff and Wyatt, Plaintiff's counsel, "have engaged in conduct in a similar case pending in the Middle District that raises concern for Defendants." *Id*. Because of these concerns, Defendants "would like to know exactly what documents Mr. McGriff is going to take from Defendants." *Id*. Defendants note that this lawsuit is "extremely adversarial and contentious" and fear Plaintiffs "could claim documents

that were not produced and seek sanctions for failure to produce documents responsive to their requests." *Id*. Defendants, therefore, move the Court for: 1) attorney fees for Plaintiff's refusal to inspect the documents; and 2) an order that requires Plaintiff to identify which documents she wants copied at Plaintiff's expense; or in the alternative, identify which documents Plaintiff is copying.

The Court finds Defendants' request for an inventory of those documents Plaintiff wishes to copy or have copied to be reasonable in light of the circumstances of this case. Furthermore, the Court finds Defendants' request to neither impose an undue burden nor in any way prejudice Plaintiff's ability to conduct meaningful discovery in this case. The Court, having reviewed Defendants' Motion for Relief (Doc. 145) and Plaintiff's Motion to Compel and for Sanctions (Doc. 149), **DENIES** Defendants' Motion for Relief (Doc. 145) as to attorney's fees; and **GRANTS** Defendants' Motion for Relief (Doc. 145) as to identification of documents copied by Plaintiff upon Defendants' production. In turn, the Court finds that Defendants have not failed unreasonably in the circumstances to produce and make available for review and copying Plaintiff's document requests and therefore **DENIES** Plaintiff's Motion to Compel and for Sanctions (Doc. 149) both as to compelling production in the manner requested by Plaintiff and as to sanctions.

Accordingly, Defendant shall immediately order said production requested and Plaintiff and her counsel are **ORDERED** to identify: 1) which documents Defendants have already provided that Plaintiff has already copied; and 2) which documents Defendants have yet to provide Plaintiff that she wants copied at her expense or otherwise. Plaintiff is given **no later than twenty (20) days** from the date of this Court's subsequent Order resuming discovery to identify those documents under production with specificity and in accordance with this Order. Thereafter, Defendants are given **no later than ten (10) days** within which to produce the requested documents.

### III.    Plaintiff's Motion for Hearing

Plaintiff moves the Court pursuant to M.D. Ga. R. 7.5 for a hearing on: 1) Plaintiff's Motion to Compel and for Sanctions (Doc. 149), 2) Plaintiff's Motion for Protective Order (Doc.

151), and 3) John Marshall, M.D.'s Motion for Protective Order (Doc. 152). (Doc. 154).   It is generally the Court's practice to decide motions based on the parties' briefs and materials submitted therewith and not to subject the parties with the additional burden of appearance in a hearing when, as is the case here, said briefs and materials sufficiently present the relevant issues and facts necessary to properly address the motions at issue on the merits.   Having found it unnecessary to conduct a hearing on the motions at issue, the Court **DENIES** Plaintiff's Motion for a Hearing.  (Doc. 154).

**V.     Plaintiff's Motions for Protective Order**

Plaintiff moves the Court for protective orders in connection with depositions of Plaintiff Keh and Dr. John W. Marshall noticed and scheduled to take place on July 14, 2005. (Docs. 151, 152).   Depositions of the aforementioned deponents took place and were monitored by the Court on August 17-19, 2005.  Plaintiff's Motions for Protective Order (Docs. 151, 152) are therefore **DENIED AS MOOT**.

**VI.    Plaintiff's Motion to Compel Responses to Her First Continuing Interrogatories to Defendant Gregory Garth, M.D. and Plaintiff's Motion for Leave to File Supplemental Reply Briefs in connection therewith**

Plaintiff moves the Court to compel Defendant Gregory Garth, M.D. ("Defendant Garth") to "respond fully and completely" to interrogatories 5, 7-20, and 23.  (Doc. 161).   On or about June 2, 2005, Plaintiff served her first continuing interrogatories upon Defendant Garth in both his individual and official capacities. (Doc. 161, Exh. A).  On or about June 24, 2005, Defendant Garth served his responses to Plaintiff's first continuing interrogatories, in which, Defendant Garth stated the following in response to interrogatory 5:

> This Defendant objects to the Interrogatory on the grounds cited under General Objections. By way of further response, Dr. Garth states that he does not recall specifics as to the pages of the policies and procedures governing the summary suspension of the medical staff privileges of Dr. Keh; to the best of Dr. Garth's knowledge, the summary suspension of the medical privileges of Dr. Keh was in following with the policies and procedures regarding such. (Doc. 161, Exh. B).

Defendant Garth maintains he has answered said interrogatory as fully as he is able, especially in light of his medical condition.  Defendant also maintains he has no additional responsive information. (Doc. 162).   He is bound by his response.  Plaintiff offers no evidence that could

6

support a finding otherwise.

> In separate responses to interrogatories 7-20, and 23, Defendant Garth stated:
>
> This Defendant objects to this Interrogatory on the grounds cited under General Objections. This Defendant objects further on the grounds that this Interrogatory seeks information protected under peer review. *Id.*

The Court finds that Defendant, by these responses, provides Plaintiff no information whatsoever. Said responses are analogous to those responses rejected by the Court in its March 31, 2005 Order. (*See* Doc. 114). The Court, however, also finds Plaintiff's interrogatories 7-20 and 23 to be likewise analogous and virtually identical to those interrogatories propounded on other Defendants which the Court ordered recast. *Id.* In denying Plaintiff's motions to compel responses to similar interrogatories, the Court stated in its March 31, 2005 Order that "Plaintiff apparently seeks to immediately [discover] matters falling within the purview of peer review without first exhausting available avenues of discovery not subject to asserted privileges, and if appropriate, thereafter seeking such information." (Doc. 114) (emphasis added). The Court finds similarly with respect to the instant motion to compel. Plaintiff's Motion to Compel (Doc. 161) is therefore **DENIED**. The Court having considered Plaintiff's Motion to Compel **DENIES AS MOOT** Plaintiff's Motion for Leave to File Supplemental Reply Briefs in connection therewith (Doc. 173).

**VII.    Plaintiff's Motion for Immediate Relief**

Plaintiff moves the Court for immediate relief from "the Defendants' dilatory contumacious, litigious, and intentional conduct in their refusal to allow discovery." (Doc. 164) (capitalization removed). Specifically, Plaintiffs move the Court to: 1) revise and extend the time frames set forth in the Court's May 10, 2005 Scheduling Order; 2) order that Defendants submit a privilege log; 3) order that Defendants comply with the Orders of the Court, including the Court's March 31, 2005 Order; and 4) issue sanctions on Defendants.

The Court, having reviewed Plaintiff's motion, finds as follows: 1) Plaintiff's motion that the Court revise and extend the time frames set forth in its Discovery/Scheduling Order (Doc. 164) is **DENIED AS MOOT WITHOUT PREJUDICE** as the Court has suspended discovery until further notice as the Court has suspended discovery until such time as the Court may issue

an Order resuming discovery; 2) **GRANTS** Plaintiff's motion (Doc. 164) that Defendants submit a privilege log; **DENIES AS MOOT WITHOUT PREJUDICE** Plaintiff's motion (Doc. 164) that Defendants comply with the Orders of the Court; and **DENIES** Plaintiff's motion for sanctions (Doc. 164) on Defendants.

## VIII. Defendants' Motion to Compel

Defendants move the Court pursuant to Fed. R. Civ. P. 37 to compel Plaintiff to continue the deposition of Plaintiff Keh and for the production of certain documents. (Doc. 174). Specifically, Defendants move the Court to compel Plaintiff: 1) to produce copies of the medical records she stated at an earlier deposition that she would need to review in order to be able to respond to questions regarding the Public Consent Order issued by the State Composite Board; 2) to appear for the continuation of her deposition to respond to questions regarding the Public Consent Order issued by the State Composite Board, questions about her treatment of a patient with a blood pressure of 179 over 123, and questions regarding the issues raised by Dr. Klontz in his review of her medical charts with regard to her quality of care; and 3) that Plaintiff pay the reasonable expenses incurred in re-engaging her deposition . (Doc. 161).   Rule 37 states in relevant parts:

> If a deponent fails to answer a question propounded or submitted under Rule 30 or 31...the discovering party may move for an order compelling an answer...The motion must include a certification that the movant has in good faith conferred or attempt to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.  When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.  Fed. R. Civ. P. 37(a)(2)(B).
>
> For purposes of [subdivision (a)] an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.   Fed. R. Civ. P. 37(a)(3).

On July 15, 2005, Defendants served on Plaintiff "Defendants' Amended Notice to Take Deposition and Notice to Produce" which directed Plaintiff to appear to testify at the taking of her deposition at the grand jury room at C.B. King United States Courthouse, Albany, Georgia 31701 at 10:00 AM on August 17, 2005. (Doc. 174, Exh. 1).  Plaintiff was ordered to bring with her documents including, but not limited to: 1) any and all documentation she has sent to, or received from the Composite State Board of Medical Examiners, 2) complete, certified copies of

all charts reviewed by (or on behalf of) any defendant at any times for purposes of reviewing either the chart or the medical care and treatment documented therein, and 3) any and all documentation she has sent to or received from any patient whose chart was reviewed by (or on behalf of) any defendant any times for purposes of reviewing either the chart or the medical care and treatment documented therein. *Id*.

During her deposition on August 17-18, 2005, counsel for Defendants posed and Plaintiff refused to answer questions regarding the issues raised in the Public Consent Order issued by the State Composite Board, questions about her treatment of a patient with a blood pressure of 179 over 123, and questions regarding the issues raised by Dr. Klontz in his review of her medical charts with regard to her quality of care without having the medical charts of patients. (Doc. 174, Exhs. 2, 3). Under Rule 37, Plaintiff's incomplete disclosure is treated as a failure to disclose or answer the questions asked her. *See supra* Fed. R. Civ. P. 37. The Court notes that Defendants attach to the instant motion a certification of good faith, in which they assert Defendants' counsel contacted Plaintiff's counsel on September 21, 2005 in an effort to secure the information requested without court action. (Doc. 174, Exh. 4).

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Compel (Doc. 174). Accordingly, Plaintiff is **ORDERED**: 1) to produce copies of the medical records she stated at an earlier deposition that she would need to review in order to be able to respond to questions regarding the Public Consent Order issued by the State Composite Board; 2) to appear for the continuation of her deposition to respond to questions regarding the Public Consent Order issued by the State Composite Board, questions about her treatment of a patient with a blood pressure of 179 over 123, and questions regarding the issues raised by Dr. Klontz in his review of her medical charts with regard to her quality of care; and 3) to pay the reasonable expenses, excluding attorney fees, incurred in re-engaging her deposition.

Defendants are given **no later than ten (10) days** from the date of this Court's subsequent order resuming discovery within which to notice: 1) Plaintiff to take her deposition, which shall take place at the C.B. King United States Courthouse, Albany, Georgia 31701 within forty-five (45) days of the Court's order resuming discovery; and 2) to produce the requested

documents consistent with this Order. The documents are to be produced forty-eight (48) hours before the scheduled deposition. Following the deposition, Defendants are given **no later than ten (10) days** within which to submit to the Court those documents, and only those documents, relevant to determining the reasonable expenses incurred in re-engaging Plaintiff's deposition excluding attorney fees.

IX.     **John D. Marshall, M.D.'s Motion to Quash Subpoena and for Protective Order**

John D. Marshall, M.D. ("Movant"), a non-party to the instant action, moves the Court for an order: 1) quashing a subpoena to appear for the taking of a deposition scheduled for November 1, 2005 and 2) restricting the subject matter of any continued deposition to the substance of testimony which was elicited upon cross-examination at his last deposition held on August 19, 2005. (Doc. 179).  Fed. R. Civ. P. 30(c) provides in relevant part:

> Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615...All objections made at the time of the examination to the qualifications of the officer taking the deposition, to the manner of taking it, to the evidence presented, to the conduct of any party, or to any other aspect of the proceedings shall be noted by the officer upon the record of the deposition; but the examination shall proceed, with the testimony being taken subject to the objections.  Fed. R. Civ. P. 30(c).

Pursuant to Rule 30(c) and the Federal Rules of Evidence, Movant's counsel has the right to make objections, and as limited by the Federal Rules of Civil Procedure, to instruct Movant not to answer allegedly improper questions.  Movant establishes no legal basis in the instant motion as to why the Rules are insufficient or should otherwise be modified for the purposes of any future deposition. John D. Marshall, M.D.'s Motion for Protective Order (Doc. 179)  is therefore **DENIED**.  Moreover, John D. Marshall, M.D.'s Motion to Quash Subpoena (Doc. 179) is **DENIED**.  Said deposition may be renoticed not later than 10 days after the entry of an order by the Court to resume discovery.

X.     **Defendants' Motion for Contempt and for Sanctions**

Defendants move the Court pursuant to Fed. R. Civ. P. 45 for an order: 1)  finding non-party Carmen Mansfield in contempt, 2) compelling her to pay reasonable costs to Defendants, and 3) excluding her from testifying in the above-styled case for failure to comply with the Court.

(Doc. 189). Rule 45(a)(3)(B) permits "an attorney as officer of the court [to] issue and sign a subpoena on behalf of a court for a district in which a deposition...is compelled by the subpoena, if the deposition...pertains to an action pending in a court in which the attorney is authorized to practice." Fed. R. Civ. P. 45(a)(3)(B) (emphasis added).

On October 13, 2005, pursuant to Rule 45(a)(3)(B), Attorney Robert L. Shannon, as officer of the court, issued and signed a subpoena, commanding Ms. Mansfield to appear to testify at the taking of a deposition on November 2, 2005 at 10:00 A.M. at the C.B. King United States Courthouse, 201 W. Broad Ave., Albany, Georgia 31707.[1] (Doc. 189, Exh. A). Although the subpoena lists Ms. Mansfield's address as 1310 Norris Cir., Americus, Georgia 31719, the process server served Ms. Mansfield with an altered document purporting to be a subpoena on October 27, 2005 at 106 South Village St., Americus, Georgia 31709. (Doc. 189, Exhs. A, B). By that time, Defendants maintain, the location of the deposition had been changed to the Windsor Hotel, 125 West Lamar St., Americus, Georgia 31719. (Doc. 189) Accordingly, Defendants assert, the process server, with Defendants' counsel's instruction and permission, marked through the deposition location originally indicated on the subpoena and handwrote the Windsor Hotel location on the document before serving Ms. Mansfield. (Doc. 189, Exh. B). Allegedly enclosed with the purported subpoena was a check in the amount of $55.00 to cover Ms. Mansfield's witness fee and mileage expenses. (Doc. 189, Exh. C).

On November 2, 2005 at 10:00 A.M. counsel for the parties appeared at the Windsor Hotel, 125 West Lamar St., Americus, Georgia 31719, for the taking of Ms. Mansfield's deposition. Counsel remained at the Windsor Hotel until approximately 12:30 P.M, during which time Ms. Mansfield never appeared. (Doc. 189). Ms. Mansfield never contacted counsel to inform them she would not appear at the taking of her deposition. *Id*. Defendants, therefore, move for a finding Ms. Mansfield in contempt of this court. *Id*.

---

[1] The Court notes Plaintiff's objection to the finding that Attorney Shannon properly signed the subpoena as required by Rule 45(a)(3)(B). The Court directs the parties' attention to the penultimate set of boxes on the subpoena at issue. There, in the box entitled "Issuing Officer Signature and Title (Indicate if Attorney for Plaintiff or Defendant), Attorney Shannon has typed "Robert L. Shannon, Esq. - Attorney for Defendants.) (Doc. 189, Exh. A).

"Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court from which the subpoena was issued." Fed. R. Civ. P. 45(e). Necessary for a finding of contempt in this case is a finding that the person alleged to be in contempt was served a valid subpoena. The Court cannot make such a finding in this case. While the Court finds based on the evidence before it, that the original, unaltered document issued and signed by Defendants' counsel was a valid subpoena, the Court cannot and does not find the same for the document once altered by the process server notwithstanding Defendants' allegation that the process server amended the subpoena at issue with counsel's instruction and permission. *See supra* note 1. The Federal Rules of Civil Procedure permit the Court and officers of the Court, and no other persons to issue a valid subpoena.[2]  *See generally* Fed. R. Civ. P. 45(a). Once altered by the process server, the subpoena at issue did not retain the enforceability of a court order.  Accordingly, the Court cannot and does not find Ms. Mansfield to be in contempt.

The Court, therefore **DENIES** Defendant's Motion for Contempt and for Sanctions (Doc. 189) as to the motions contained therein to find Ms. Mansfield in contempt and exclude her from testifying in the above-captioned action.  The Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendant's Motion (Doc. 189) as to the motion contained therein to compel Ms. Mansfield to pay reasonable costs to Defendants. Carmen Mansfield is hereby **ORDERED** to return to Defendants any check she may have received in connection with said service, certify to the Court that the same has been returned to Defendants or destroyed, or pay Defendants $55.00 in restitution for the check issued to cover her witness fee and mileage expenses.  (*See* Doc. 189, Exh. C).

XI.     **Plaintiff's Motion for Protective Order**

Plaintiff moves the Court for a protective order regarding the scheduling of depositions of Drs. William J. Klontz and James Kennedy.  (Doc. 197).  Plaintiff also moves for a scheduling

---

[2]     The Court notes further that Defendants do not submit for consideration with the instant motion a copy of the amended subpoena.

and status conference for the above-captioned case in connection with previously filed motions and discovery. *Id*. The Court suspended discovery on its own initiative on December 19, 2005, until such time as it may consult with counsel in determining, among other matters, the extension of the discovery period and scheduling of depositions. Plaintiff's Motion for Protective Order (Doc. 197) is therefore **DENIED as MOOT WITHOUT PREJUDICE**.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Attorney Fees (Doc. 122) is **GRANTED**; Parties' Joint Motion for Protective Order (Doc. 123) is **GRANTED**; Defendants Sumter Regional Hospital, Dr. Gatewood Dudley, and Dr. Andrew C. Carlson's Motion for Relief (Doc. 145) is **GRANTED-IN-PART** and **DENIED-IN-PART**; Plaintiff's Motion to Compel (Doc. 149) is **DENIED**; Plaintiff's Motions for Protective Order (Docs. 151, 152) are **DENIED as MOOT WITHOUT PREJUDICE** and Plaintiff's Motion for Hearing regarding Plaintiff's Motions to Compel and for Protective Order (Doc. 154) is **DENIED**, Plaintiff's Motion to Compel (Doc. 161) is **DENIED**; Plaintiff's Motion for Immediate Relief (Doc. 164) is **GRANTED-IN-PART**, **DENIED-IN-PART**, **DENIED-IN-PART as MOOT WITHOUT PREJUDICE**, and **DENIED-IN-PART as MOOT**; Plaintiff's Motion for Leave to File Supplement Reply Briefs Relating to Plaintiff's Motion to Compel (Doc. 173) is **DENIED AS MOOT**; Defendant's Motion to Compel (Doc. 174) is **GRANTED**; John D. Marshall's Motion to Quash Subpoena and for Protective Order (Doc. 179) is **DENIED-IN-PART as MOOT WITHOUT PREJUDICE** and **DENIED-IN-PART**; Defendants' Motion for Contempt and for Sanctions (Doc. 189) is **GRANTED-IN-PART** and **DENIED-IN-PART**; and Plaintiff's Motion for Protective Order (Doc. 197) is **DENIED as MOOT WITHOUT PREJUDICE**. The Court will instruct counsel with respect to the resumption of discovery by separate order.

**SO ORDERED**, this   30th   day of March, 2006.

          /s/W. Louis Sands
          **W. LOUIS SANDS, CHIEF JUDGE**
          **UNITED STATES DISTRICT COURT**