IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MILAGROS S. KEH, | : |
| | : |
| Plaintiff, | :     1:03-cv-68-2(WLS) |
| vs. | : |
| | : |
| AMERICUS-SUMTER COUNTY HOSPITAL | : |
| AUTHORITY d/b/a SUMTER REGIONAL | : |
| HOSPITAL, INC., d/b/a SUMTER REGIONAL | : |
| HOSPITAL, et. al. | : |
| | : |
| Defendants. | : |

**ORDER**

Before the Court are Defendant Charles R. Sheffield, M.D.'s Motion to Compel (Doc. 185), Defendant Sandra Zornes, M.D.'s Motion to Compel (Doc. 186), and Defendant Charles M. Davis, M.D.'s Motion to Compel (Doc. 187). For the following reasons, Defendant Charles R. Sheffield, M.D.'s Motion to Compel (Doc. 185) is **GRANTED**; Defendant Sandra Zornes, M.D.'s Motion to Compel (Doc. 186) is **GRANTED**; and Defendant Charles M. Davis, M.D.'s Motion to Compel (Doc. 187) is **GRANTED**.

**DISCUSSION**

During her deposition on August 17-18, 2005, Plaintiff testified that she did not have any information that Defendants Sheffield and Zornes were members of the medical executive committee of Defendant Sumter Regional Hospital or that said Defendants participated in any decision regarding her medical privileges. (Doc. 185, Exh. A; Doc. 186, Exh. A). Furthermore, John Marshall, M.D. testified at his August 19, 2005 deposition that neither Defendant Sheffield nor Defendant Zornes were voting members of the medical executive committee at the time of the events which give rise to the instant action. (Doc. 185, Exh. B; Doc. 186, Exh. B).

On or about September 21, 2005, Defendant Charles R. Sheffield, M.D. ("Defendant Sheffield") served his First Request for Admissions to Plaintiff. (*See* Doc. 185, Exh. C). On or about the same day, Defendant Sandra Zornes, M.D. served her First Request for Admissions to Plaintiff. (*See* Doc. 186, Exh. C). On or about September 30, 2005, Defendant Charles M.

1

Davis, M.D. ("Defendant Davis") served his First Request for Admissions to Plaintiff. (*See* Doc. 187, Exh. A).   Plaintiff served separate Responses to the three Requests for Admission on or about October 18, 2005.  (*See* Doc. 185, Exh. D; Doc. 186, Exh. D; Doc. 187, Exh. B).  Alleging Plaintiff's Responses to be inadequate, Defendants Sheffield, Zornes, and Davis sent separate letters raising objections to said Responses.  (*See* Doc. 185, Exh. E; Doc. 186, Exh. E; Doc. 187, Exh. C).  Plaintiff responded to each Defendant by separate letter, indicating that Plaintiff maintains the same positions as set forth in her Responses.  *Id*.   As of the date of this Order, Plaintiff has allegedly neither served any discovery on nor requested to take the depositions of Defendants Sheffield, Zornes, and Davis.  (Docs. 185, 186, 187).

Alleging that Plaintiff's Responses to their respective Requests for Admissions were insufficient, Defendants Sheffield, Zornes, and Davis separately move the Court, pursuant to Fed. R. Civ. P. 36, 37, for orders admitting the requests, or alternately compelling Plaintiff to amend her responses.  *Id*.  Rule 37 states in relevant parts:

> If a deponent fails to answer a question propounded or submitted under Rule 30 or 31...the discovering party may move for an order compelling an answer...The motion must include a certification that the movant has in good faith conferred or attempt to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.  When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

> Fed. R. Civ. P. 37(a)(2)(B).

> For purposes of [subdivision (a)] an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

> Fed. R. Civ. P. 37(a)(3).

## I.     Defendants' Requests for Admission

In the first paragraph of their separate Requests for Admissions, Defendants request that Plaintiff  "admit that [she] has no verbal or written information or personal knowledge that [Defendants] participated in any decision regarding [the Plaintiff's] medical staff privileges at Sumter Regional Hospital." (Doc. 185, Exh. C; Doc. 186, Exh. C; Doc. 187, Exh. A; *see also* Doc. 200).  In the second paragraph of Defendant Zornes' Requests, she requests that Plaintiff "admit that [Plaintiff] has no verbal or written information or personal knowledge that

2

[Defendant Zornes] played any role in any decision making process regarding participation in any decision regarding [the Plaintiff's] medical staff privileges at Sumter Regional Hospital." (Doc. 186, Exh. C).  In the fourth paragraph of Defendants' separate Requests, Defendants request that Plaintiff "admit that [she] has no information or personal knowledge that [Defendants were] voting members of the Medical Executive Committee at Sumter Regional Hospital at anytime relevant to the allegations [in the Complaint]." *Id*.  In the fifth paragraph of their separate Requests, Defendants separately request that Plaintiff "admit that [she] has no information or personal knowledge that [Defendants] participated in any peer review process or decision regarding [Plaintiff]." *Id*.

## II.     Plaintiff's Responses to Defendants' Requests

Plaintiff responded to each of the subject requests with the following paragraph:

Plaintiff cannot admit or deny [Defendants'] Request for Admission No. [sic] at this time, in that Plaintiff has made reasonable inquiries but the information known or readily available is insufficient to admit or deny this admission, and Plaintiff has not been able to conduct any discovery which would allow Plaintiff to properly admit or deny [Defendant's] Request for Admission No. [sic].

(Doc. 200; *see also* Doc. 185, Exh. D; Doc. 186, Exh. D; Doc. 187, Exh. B). Thereafter, on November 4, 2005, Defendants collectively sent a letter to Plaintiff in which they objected to Plaintiff's responses, and requested that she admit as to whether or not she "**currently** has any information or personal knowledge" of the facts sought to be admitted.  (Doc. 185, Exh. E; Doc. 186, Exh. E; Doc. 187, Exh. C) (emphasis in original).   In response, on November 7, 2005, Plaintiff sent Defendants a reply letter, in which she indicated that she "maintains the same position and responses as were expounded in her original response."  *Id*.

## III.    Legal Analysis

Plaintiff asserts that she could not affirmatively respond to Defendants' Requests for Admission Nos. 1 and 4 because "Plaintiff does not know the extent of any participation of each of the Defendants."  (Doc. 200).   Plaintiff further asserts that the term "participation" as it is used in Defendants' Requests is "quite broad."  *Id*.  According to Plaintiffs, because Defendants Sheffield, Zornes, and Davis appear to have been on the medical executive committee, "it also is logical to infer that...they participated in some respect in the [c]ommittee['s] activities which

would have included taking some action adverse to [Plaintiff]. *Id*. Plaintiff then refers to discovery responses made in a separate case involving Dr. Marshall for support for her position that "it was indicated that reviews of medical record deficiencies of physicians were discussed among members of the [m]edical [e]xecutive [c]ommittee, including [Defendants Sheffield, Zornes, and Davis]." *Id*. That Plaintiff has not been provided with a complete set of minutes from the medical executive committee meetings in this case, along with the fact that she has not gone forward with depositions allegedly because of Defendants' failure to produce documents she requested, has allegedly rendered Plaintiff "unable to ascertain information which would be responsive to the aforesaid Requests to Admit." *Id*. Similarly, as to her Responses to Defendants' Request No. 5, Plaintiff states that "without full access to discovery documents Plaintiff has not scheduled depositions, and has thus been unable to make a determination regarding this request." *Id*. Plaintiff offers no justification for her Response to Defendant Zornes' Request No. 2. *See id*.

      The Court disagrees. "An answer to a request for admission [does not] necessarily compl[y] with Fed. R. Civ. P. 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable by him." Asea, Inc. v. Southern Pacific Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1982). "The discovery process is subject to the overriding limitation of good faith. Callous disregard of discovery responsibilities cannot be condoned. Permitting a party to avoid admitting or denying a proper request for admission simply by tracking the language of Rule 36(a) would encourage additional abuse of the discovery process." *Id*.

      The subject Requests for Admission are simple and straightforward. Plaintiff was simply asked to "admit that [she has] no verbal or written information or **personal knowledge**" of the facts sought to be admitted. (*See supra* Doc. 185, Exh. C; Doc. 186, Exh. C; Doc. 187, Exh. A) (emphasis added). Certainly, Plaintiff may readily ascertain whether or not she has verbal or written information in her possession as to the events inquired. It is likewise without question that Plaintiff may admit or deny her own personal knowledge of the same. The Court further finds that Plaintiff's objections to the instant Requests consist in part of evasive arguments that

unjustifiably seek to divert attention away from the substance of said Requests by focusing on the semantics of "participation" as used by Defendants.  (*See supra* Doc. 200).   Therefore, the Court finds that no legitimate justification exists for Plaintiff's failure to properly respond to Defendants' First Requests for Admission.   Accordingly, pursuant to Fed. R. Civ. P. 37(a)(2)(B), Defendants' Motions to Compel (Docs. 185, 186, 187) are **GRANTED**.

## **CONCLUSION**

For the foregoing reasons, Defendant Charles R. Sheffield, M.D.'s Motion to Compel (Doc. 185) is **GRANTED**; Defendant Sandra Zornes, M.D.'s Motion to Compel (Doc. 186) is **GRANTED**; and Defendant Charles M. Davis, M.D.'s Motion to Compel (Doc. 187) is **GRANTED**.

Plaintiff is therefore **ORDERED** to amend her responses to the subject Requests for Admission Nos. 1, 2, 4 and 5 in a manner consistent with the above findings **within ten (10) days** of this Order by specifically admitting or denying the same.

**SO ORDERED**, this ___19th___ day of May, 2006.

         /s/W. Louis Sands
         **W. LOUIS SANDS, CHIEF JUDGE**
         **UNITED STATES DISTRICT COURT**