**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| MILAGROS S. KEH, M.D., : | |
|     Plaintiff : | |
| : | |
| v. : | 1:03-CV-68 (WLS) |
| : | |
| AMERICUS-SUMTER COUNTY HOSPITAL : | |
| AUTHORITY d/b/a SUMTER REGIONAL : | |
| HOSPITAL, INC., et. al., : | |
|     Defendants : | |

## ORDER

By Order of the Court, discovery in the above-captioned action was suspended on December 16, 2005 pending resolution of numerous discovery related motions. (Docs. 198, 202). While the Court is acutely aware that discovery has been going on for an extended period of time, it should be noted that discovery was so suspended due to the parties' uncooperative conduct and clear unwillingness to effectuate appropriate and meaningful discovery in accordance with the existing scheduling and discovery order, as well as the Court's previous orders on discovery disputes.  It is further noted that this was the second such suspension under these circumstances.  (*See* Doc. 110).

The Court, having reviewed Attorney Shannon's request for a status conference, as well as Attorney McGriff's letter opposing the same, finds that discovery in this case should be reinstated immediately.  Discovery will proceed according to the following schedule:

(1) Fact discovery will be completed by **Monday, November 27, 2006**, unless extended by the Court for good cause shown upon a written motion by either party.

(2) Unless discovery is extended, all dispositive motions must be filed no later than **Wednesday, December 27, 2006**, unless extended by Order of the Court.

(3) Unless extended by the Court upon a showing of good cause by either party upon

>    written motion, all motions to compel discovery shall be filed **within twenty (20) days of the date on which the response(s) was due or twenty (20) days of receipt of an allegedly inadequate response, and not later than twenty (20) days after the close of discovery**, whichever first occurs.
>
> (4) Each party shall serve upon other parties disclosures relating to expert witnesses, as required by Rule 26(a)(2)(A)-(B) of the Federal Rules of Civil Procedure, **Monday, October 23, 2006, for the case-in-chief, and Monday, November 13, 2006, for rebuttal.** If Defendant shall serve upon Plaintiff disclosures relating to an expert on matters where Plaintiff has not previously designated an expert, Plaintiff shall have an **additional thirty (30) days** after Defendant's designation to serve a rebuttal witness.
>
> (5) Any motion challenging the qualification(s) of any expert witness to offer opinion testimony, raised under <u>Daubert</u>, Rules 104(a), 702, and 703 of the Federal Rules of Evidence, must be filed no later than thirty (30) days after the denial, if any, of a dispositive motion or not later than ten (10) days after the entry of the Court's Order to Convene a Pretrial Conference, whichever occurs first (except in circumstances defined below).
>
> (6) Any objections to proffered testimony of any expert witness (who will testify at trial through his or her deposition) shall be raised at the pre-trial conference.

To be clear, the Court expects the parties to conduct effective and meaningful discovery within the time allotted in accordance to and in compliance with the Federal Rules of Civil Procedure, the Local Rules, and the Orders of the Court. Not only are the parties expected to complete discovery, but they are to do so in compliance with the letter and spirit of orders the Court has issued detailing parameters and limitations of discovery. The Court, although reluctant to actively manage remaining discovery, reserves the right to do so if the need arises. In light of

the parties' conduct, and the protracted discovery period resulting therefrom, extensions to the discovery period or for the filing of dispositive motions, or responses thereto, will not be granted except upon timely written motions based on matters that are reasonably unavoidable and unforeseeable.   Suspension of discovery in this case is hereby **TERMINATED** and **LIFTED** according to the terms stated herein.

**SO ORDERED**, this   25th   day of August, 2006.

/s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**