*Law Offices*
## GEORGE W. MCGRIFF & ASSOCIATES
600 COLONIAL PARK DRIVE
ROSWELL, GEORGIA 30075-3746
(770) 649-7160

FAX: (770) 649-7162
E-mail: ndgwm@mindspring.com

October 10, 2006

Honorable W. Louis Sands
Chief Judge
United States District Court
Middle District of Georgia, Albany Division
201 W. Broad Avenue
Albany, Georgia 31701

  Re: <u>Milagros S. Keh, M. D. v. Americus-Sumter County Hospital Authority</u>
    <u>d/b/a Sumter Regional Hospital, Inc., et al.</u>  USDC, Middle District of Georgia,
    Albany Division Civil Action No. 1:03-CV-68-2 (WLS)

Dear Judge Sands:

  This letter is being written as a follow-up to the hearing held before you in Albany on Thursday, October 5, 2006. As I am certain the record will reflect, and you will recollect, that at said hearing part of the Plaintiff's argument for the imposition of sanctions against the Defendants was that the Defendants had not produced the privilege log, which the Court had previously directed be served in its Order of **March 31, 2005.** When the Court specifically inquired of attorney Bell (who argued on behalf of the Defendants), when they would produce and serve the privilege log (since it had been 19 months since the March 31, 2005 Order), Mr. Bell stated that Attorney Shannon from his office was "*working on it*," and he would have to consult with Mr. Shannon on the projected completion date. The Court then directed Mr. Bell to consult with Mr. Shannon and that Mr. Shannon should advise the Court **by 5:00 p.m., Friday (October 6, 2006)** as to the date when the privilege log would be produced. Friday, October 6, 2006 has now come and gone, and to the Plaintiff's knowledge, as of the time of this correspondence, no written notification has been provided to either the Court or Plaintiff's counsel as to when the privilege log will be forthcoming.

  At the hearing on October 5, 2006, the Court did not specifically state its ruling on the Plaintiff's motion for sanctions, except to direct the deadline as to when the <u>notification</u> pertaining to the privilege log was required to have been received, (now four days late). In light of the Defendants' continuing, flagrant disregard for this Court's orders, Plaintiff urges the Court to seriously consider the imposition of the sanctions which have been sought in the Plaintiff's pending "Motion for Protective Order and for the Imposition of Sanctions." As cited in the Motion, not only

Honorable W. Louis Sands
October 10, 2006
Page 2

has the privilege log not been provided, but the Defendants have continued to assert the "peer review" and "self critical analysis" privilege in response to the plaintiff's recast interrogatories and requests for production of documents, yet they have submitted nothing at all to the Court for an *in camera* inspection (again, as Defendants had been directed by the Court in its March 31, 2005 Order). It is now quite evident that the Defendants are flagrantly, and wilfully disobeying directives from the Court, apparently believing they can do so with impunity. Unfortunately, a consequential result is that the Plaintiff is being wrongfully deprived of information and documentation which is necessary and imperative to pursue her civil rights claim. In addition to ignoring this Court's direct Order, the Defendants also have ignored the Plaintiff's written requests for the privilege log which were set forth in letters from Plaintiff's counsel to Defense counsel on June 7, 2005, June 8, 2005, June 13, 2005 (See, Exhibits to Plaintiff's 6/28/05 Motion to Compel - **Doc 149**, Exhibit B; Exhibit H; and Exhibit J) and on September 1, 2006 (See, Exhibit 1 to pending Motion for Protective Order and for Sanctions, Doc 225)

As pointed out at the hearing, another example of the Defendants disregard for the Court is Defendants' ignoring the Plaintiff's request sent on September 1, 2006, that Defendants' counsel advise the Plaintiff of several dates when Plaintiff's counsel could inspect documents which the Court found should be produced. A copy of the September 1, 2006 correspondence was attached as Exhibit 1 to Plaintiff's Motion for Protective Order and for Sanctions. (**Doc 225**). By not responding at all, and not complying with this Court's Order filed March 31, 2006, (p. 5, where the Court Ordered the Defendants to respond within 10 days of the Plaintiff's notification) the Defendants, again showed their contemptuous attitude toward the Court.

In conclusion, by this letter, the Plaintiff is simply advising the Court that Plaintiff has received nothing in compliance with the Court's specific directive at the hearing concerning the notification as to when the privilege log will be produced, and that Defendants appear to be flagrantly and contemptuously ignoring this Court's Orders. In light of the Defendants intentional and contemptuous refusal to comply with the Court's Orders, Plaintiff urges this court to impose the sanctions sought in the motion - that being striking the Defendant's pleadings.

Sincerely,

/s/ NICHOLAS G. DUMICH

NGD/pc

cc:   Robert L. Shannon, Jr., Esq.
      Jonathan C. Peters, Esq.
      Charles Jason Willcox